James F. Sullivan (JS 3099)
Lawrence Spasojevich (LS 1029)
Law Offices of James F. Sullivan, P.C.
52 Duane Street, 7th Floor
New York, New York 10007
T:    (212) 374-0009
F:    (212) 374-9931
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSE LUIS GROS REICO,
MILTON MARTIN VARELA DURAN, and
NORMAN GOMEZ, *on behalf of themselves and similarly situated individuals*,

                    CASE NO.

        Plaintiff,        **COMPLAINT**

-against-

NICON BUILD LLC,
NICON CONSULTING & CONSTRUCTION, INC.,
and EVAN FROST,

                    ECF Case,

        Defendants.

---

Plaintiffs, JOSE LUIS GROS REICO, MILTON MARTIN VARELA DURAN, and NORMAN GOMEZ on behalf of themselves and similarly situated individuals, by and through their undersigned attorneys, Law Offices of James F. Sullivan, P.C., hereby files this Complaint against Defendants, NICON BUILD LLC, NICON CONSULTING & CONSTRUCTION, EVAN FROST, and EVAN FROST , (collectively "the Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiffs allege that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), Plaintiffs and similarly situated individuals are entitled to recover from Defendants: (1) unpaid wages at the overtime wage rate; (2) prejudgment and post-judgment interest; and (3) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law ("NYLL"), Plaintiffs and similarly situated employees are entitled to recover from the Defendants: (1) unpaid wages at the overtime wage rate; (2) statutory penalties; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1332, 1337 and 1343, and has supplemental jurisdiction over Plaintiff state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff, JOSE LUIS GROS REICO, is an adult resident of Bronx County, New York.

6. Plaintiff, MILTON MARTIN VARELA DURAN, is an adult resident of Queens County, New York.

7. Plaintiff, NORMAN GOMEZ, is an adult resident of Kings County, New York.

8. Upon information and belief, Defendant, NICON BUILD LLC, is a domestic business corporation, organized and existing under the laws of the State of New York, with a place of business located at 260 Madison Avenue, 16th Floor, New York, New York 10016.

9. Upon information and belief, Defendant, NICON CONSULTING & CONSTRUCTION, INC., is a domestic business corporation, organized and existing under the laws of the State of New York, with a place of business located at 24 Iris Ct., Staten Island, New York 10309.

10. Upon information and belief, Defendant, EVAN FROST, is an owner, officer, director and/or managing agent of corporate Defendants, NICON BUILD LLC and NICON CONSULTING & CONSTRUCTION, INC., who participated in the day-to-day operations of corporate Defendants, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as NYLL§ 2 and the Regulations thereunder, and is jointly and severally liable with corporate Defendants.

11. At all relevant times, corporate Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

12. At all relevant times, the work performed by Plaintiffs and similarly situated individuals was directly essential to the business operated by Defendants.

13. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs and similarly situated individuals the overtime wage rate for all hours worked over forty (40) hours in week in contravention of the FLSA and NYLL.

## STATEMENT OF FACTS

14. From in or about May 15, 2016 to in or about February 2018, Plaintiff, JOSE LUIS GROS REICO, was hired by Defendants as a mechanic.

15. During his employment by Defendants, Plaintiff, JOSE LUIS GROS REICO, worked sixty three and a half (63.5) hours per week.

16. Plaintiff, JOSE LUIS GROS REICO's, work week comprised of six (6) days, Monday through Friday, 7:00 a.m. to 6:00 p.m. and Saturday 7:00 a.m. to 3:30 p.m.

17. From October 2017 through December 2017, Plaintiff, JOSE LUIS GROS REICO, worked ninety eight and a half (98.5) hours per week.

18. During the months of October 2017 through December 2017, JOSE LUIS GROS REICO's, work week comprised of six (6) days, Monday through Friday, 6:00 a.m. to 12:00 a.m. and Saturday 7:00 a.m. to 3:30 p.m.

19. Plaintiff, JOSE LUIS GROS REICO, was paid $16.25 dollars an hour and was not paid at the overtime rate for all hours worked over forty (40) in a work week.

20. From in or about March 17, 2017 to in or about March 30, 2018, Plaintiff, MILTON MARTIN VARELA DURAN, was hired by Defendants as a carpenter.

21. During his employment by Defendants, Plaintiff, MILTON MARTIN VARELA DURAN, worked sixty three and a half (63.5) hours per week.

22. Plaintiff, MILTON MARTIN VARELA DURAN's, work week comprised of six (6) days, Monday through Friday, 7:00 a.m. to 6:00 p.m. and Saturday 7:00 a.m. to 3:30 p.m.

23. On occasion, Plaintiff MILTON MARTIN VARELA DURAN, would work Sundays for five (5) hours from 7:00 p.m. to 12:00 a.m.

24.     Plaintiff, MILTON MARTIN VARELA DURAN, was paid $20.00 dollars an hour and was not paid at the overtime rate for all hours worked over forty (40) in a work week.

25.     From in or about November 2016 to in or about December 2017, Plaintiff, NORMAN GOMEZ, was hired by Defendants as a carpenter.

26.     During his employment by Defendants, Plaintiff, NORMAN GOMEZ, worked sixty three and a half (63.5) hours per week.

27.     Plaintiff, NORMAN GOMEZ's, work week comprised of six (6) days, Monday through Friday, 7:00 a.m. to 6:00 p.m. and Saturday 7:00 a.m. to 3:30 p.m.

28.     Plaintiff, NORMAN GOMEZ, was paid $16.25 dollars an hour and was not paid at the overtime rate for all hours worked over forty (40) in a work week.

29.     Defendants did not utilize a time keeping device at the work place to track hours worked by Plaintiffs or similarly situated individuals.

30.     Defendant, EVAN FROST, is an individual who, upon information and belief, owns the stock of corporate Defendants, owns corporate Defendants, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

31.     Defendant, EVAN FROST, exercised control over the terms and conditions of Plaintiffs and similarly situated individuals' employment, in that EVAN FROST has and has had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

32.     Plaintiffs and similarly situated employees were not properly compensated wages at the overtime wage rate for all hours worked over forty (40) in a work week.

33. Defendants knowingly and willfully operated their businesses with a policy of not paying Plaintiffs and similarly situated employees wages for the hours worked over forty (40) hours in a week at the overtime wage rate in violation of the FLSA and NYLL and the supporting Federal and New York State Department of Labor Regulations.

34. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

35. Defendants did not provide Plaintiffs and similarly situated employees with a wage statement or summary, accurately accounting for their actual hours worked, and setting forth their hourly rate of pay and overtime wages.

36. Upon information and belief, this was done in order to disguise the actual number of hours the employees worked and to avoid paying them an overtime wage for all hours worked over forty (40) hours in week.

37. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and the NYLL by failing to maintain accurate and complete timesheets and payroll records.

38. Plaintiffs and similarly situated employees have been substantially damaged by the Defendants' wrongful conduct.

## STATEMENT OF CLAIM

### COUNT 1

**[Violation of the Fair Labor Standards Act]**

39. Plaintiffs and similarly situated employees re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "38" of this Complaint as if fully set forth herein.

40. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

41. At all relevant times, Defendants employed Plaintiffs and similarly situated employees within the meaning of the FLSA.

42. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

43. Plaintiffs and similarly situated employees are entitled to be paid for all hours worked over forty (40) hours in week at the overtime wage rate as provided for in the FLSA.

44. Defendants failed to pay Plaintiffs and similarly situated employees' compensation in the lawful amount for all hours worked over forty (40) hours in week as provided for in the FLSA.

45. At all relevant times, each of the Defendants had, and continue to have a policy and practice of refusing to pay Plaintiffs and similarly situated employees for all hours worked over forty (40) hours in week in a work week at the overtime wage rate which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 206(a)(1), 207(a)(l), and 215(a).

46. Defendants knowingly and willfully disregarded the provisions of the FLSA, as evidenced by their failure to compensate Plaintiffs and similarly situated employees for all hours worked over forty (40) hours in week at the overtime wage rate when they knew or should have known such was due and that non-payment of a minimum wage and overtime rate would financially injure Plaintiffs and similarly situated employees.

47. The Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of

employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 211(c) and 215(a).

48. Records, if any, concerning the number of hours worked by Plaintiffs and similarly situated employees and the actual compensation paid to Plaintiffs and similarly situated employees are in the possession and custody of the Defendants. Plaintiffs and similarly situated employees intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

49. Defendants failed to properly disclose or apprise Plaintiffs and similarly situated employees of their rights under the FLSA.

50. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and similarly situated employees are entitled to liquidated damages pursuant to the FLSA.

51. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiffs and similarly situated employees suffered damages in an amount not presently ascertainable of unpaid wages at the overtime wage rate and, an equal amount as liquidated damages, and prejudgment interest thereon.

52. Plaintiffs and similarly situated employees are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT 2

### [Violation of the New York Labor Laws]

53. Plaintiffs and similarly situated employees re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "52" of this Complaint as if fully set forth herein.

54. The wage provisions of the NYLL apply to Defendants and protect the Plaintiffs and similarly situated employees.

55. Defendants, pursuant to their policies and practices, refused and failed to pay the earned wage at the overtime wage rate to Plaintiffs and similarly situated employees for all hours worked over forty (40) hours in week.

56. By failing to compensate Plaintiffs a wage for all hours worked over forty (40) hours in week at the overtime wage rate, Defendants violated Plaintiff and similarly situated employees' statutory rights under the NYLL.

57. The forgoing conduct, as alleged, constitutes a willful violation of the NYLL without a good or reasonable basis.

58. Therefore, Defendants knowingly and willfully violated Plaintiffs and similarly situated employees' rights by failing to pay Plaintiffs and similarly situated employees compensation for all hours worked over forty (40) hours in week in a work week at the overtime wage rate.

59. Due to the Defendants' NYLL violations, Plaintiffs and similarly situated employees are entitled to recover from Defendants unpaid wages at the overtime wage rate, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to NYLL § 663(1) et al. and § 198. Plaintiffs and similarly situated employees also seek liquidated damages pursuant to NYLL § 663(1).

## COUNT 3

### [Failure to provide a Wage Notice]

60. Plaintiffs and similarly situated employees re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "59" of this Complaint as if fully set forth herein.

61. The New York State Wage Theft Prevention Act and NYLL § 195(1) requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

62. Defendants have willfully failed to supply Plaintiffs and similarly situated employees with a wage notice, as required by NYLL, § 195(1), within ten (10) days of the start of their employment.

63. Through their knowing or intentional failure to provide the Plaintiffs and similarly situated employees with the wage notice required by the NYLL, Defendants willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

64. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiffs and similarly situated employees are entitled to statutory penalties of fifty ($50.00) dollars each day that Defendants failed to provide Plaintiffs and similarly situated employees with a wage notice and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-b).

## COUNT 4

**[Failure to provide Wage Statements]**

65. Plaintiffs and similarly situated employees re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "64" of this Complaint as if fully set forth herein.

66. Defendants have willfully failed to supply Plaintiffs and similarly situated employees with an accurate wage statement, as required by NYLL, § 195(3).

67. Through their knowing or intentional failure to provide the Plaintiffs and similarly situated employees with a wage statement as required by the NYLL, Defendants willfully

violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

68.     Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiffs and similarly situated employees are entitled to statutory penalties of two hundred and fifty dollars ($250.00) dollars each day that Defendants failed to provide Plaintiffs and similarly situated employees with wage statement and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and similarly situated employees request that this Court grant the following relief:

(a)     An award of unpaid wages at the overtime wage rate due under the FLSA;

(b)     An award of liquidated damages as a result of Defendants' failure to pay wages at the overtime wage rate pursuant to 29 U.S.C. § 216;

(c)     An award of unpaid wages at the overtime wage rate under the NYLL;

(d)     An award of liquidated damages and statutory penalties as a result of Defendants' failure to pay wages at the overtime wage rate, failure to provide wage notices, and failure to provide wage statements pursuant to the NYLL;

(e)     An award of prejudgment and post-judgment interest;

(f)     An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(g)     Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
       September 25, 2018

                                    Respectfully submitted

                                    By: _____
                                        Lawrence Spasojevich (LS 1029)
                                        Law Offices of James F. Sullivan, P.C.
                                        52 Duane Street, 7th Floor
                                        New York, New York 10007
                                        T:    (212) 374-0009
                                        F:    (212) 374-9931
                                        *Attorneys for Plaintiff*
                                        ls@jfslaw.net