# Law Offices of
# James F. Sullivan, P.C.

52 Duane Street, 7th Floor
New York, New York 10007
Tel (212) 374-0009
Fax (212) 374-9931

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   04/23/2019

April 22, 2019

Hon. Valerie E. Caproni
United States District Court
Southern District of New York
40 Centre Street,
New York, NY 10007
**Filed via ECF**



**MEMO ENDORSED**

RE:     **Gros Reico et al v. Nicon Build LLC et al**
        **ID No: 1:18-cv-08781-VEC, (Settlement Approval)**

Dear Judge Caproni:

Pursuant to this Court's April 16, 2019 Order, please find attached as Exhibit 1 updated settlement agreements for all Plaintiffs and the Defendants comporting this previous orders of this Court.

Plaintiffs thank the Court for its attention to this matter.

Respectfully,

Lawrence Spasojevich, Esq.
*Attorney for Plaintiffs*

The Court notes that, in addition to making the changes directed by the previous order, the parties have slightly modified the language of the release in paragraph 2 of each agreement. The Court, however, sees no meaningful difference effected by the modification and construes paragraph 2 of each agreement as releasing only the claims alleged in the Complaint. Accordingly, the revised settlement agreements are hereby approved as fair and reasonable under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). If the parties intend a different interpretation of the release provision, they must inform the Court by **April 26, 2019**, at which point the Court would reconsider the *Cheeks* approval.

This action shall otherwise be dismissed with prejudice on **May 3, 2019**, unless the parties file stipulations of dismissal (Exs. A of the approved settlements) before that date. All other conferences and deadlines are hereby adjourned.

SO ORDERED.             Date: 04/23/2019

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

Case 1:18-cv-08781-VEC   Document 30   Filed 04/23/19   Page 2 of 41

# EXHIBIT 1

# SETTLEMENT AGREEMENT

This agreement ("Agreement") is by and between NORMAN GOMEZ ("PLAINTIFF"), and

NICON BUILD, LLC, NICON CONSULTING & CONSTRUCTION, INC., and EVAN FROST.

(hereinafter together as "DEFENDANTS").

**WHEREAS**, PLAINTIFF, having filed a lawsuit in the United States District Court, Southern

District of New York, against DEFENDANTS bearing Civil Action Number 1:18-cv-

08781("Civil Action"); and

**WHEREAS,** PLAINTIFF and DEFENDANTS seek to amicably resolve any and all

matters in controversy, disputes, causes of action, claims, contentions, and differences between

them related to the Civil Action without any admission of liability by any party; and

**WHEREAS,** PLAINTIFF, in consultation with his attorney, James F. Sullivan, Law

Offices of James F. Sullivan, P.C., 52 Duane Street, 7th Floor, New York, NY 10007, has

analyzed and evaluated the merits of the claims made against the Defendants in the Civil Action

and the impact of this Agreement on PLAINTIFF, and based upon such analysis and the

evaluation of a number of factors, recognizing the substantial risks of continued litigation,

including the possibility that the Civil Action, if not settled now, might not result in any recovery

whatsoever, or might result in a recovery that is less favorable and that would not occur for

several years, PLAINTIFF is satisfied that the terms and conditions of this Agreement are fair,

reasonable, and adequate and that this Agreement is in the best interest of PLAINTIFF.

**WHEREAS,** DEFENDANTS, NICON BUILD, LLC and EVAN FROST, in consultation

with their attorney, Gregory Frost, Frost and Miller LLP., 260 Madison Avenue, 17th Floor New

York, New York 10016, analyzed and evaluated the merits of the claims made against NICON

BUILD, LLC and EVAN FROST in the Civil Action and its defenses, and the impact of this

Agreement on NICON BUILD, LLC and EVAN FROST, and based upon such analysis and the

evaluation of a number of factors, and recognizing the substantial risks of continued litigation,

1

including the possibility that the Civil Action, if not settled now, might result in an outcome less favorable to NICON BUILD, LLC and EVAN FROST, NICON BUILD, LLC and EVAN FROST are satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate and that this Agreement is in NICON BUILD, LLC's and EVAN FROST's best interest.

**WHEREAS**, NICON CONSULTING & CONSTURCTION, INC. in consultation with their attorney, Jonathan W. Tribiano, Esq., Jonathan W. Tribiano, PLLC, 404 Manor Road, Staten Island, New York 10314 analyzed and evaluated the merits of the claims made against NICON CONSULTING & CONSTURCTION, INC. in the Civil Action and its defenses, and the impact of this Agreement on NICON CONSULTING & CONSTURCTION, INC., and based upon such analysis and the evaluation of a number of factors, and recognizing the substantial risks of continued litigation, including the possibility that the Civil Action, if not settled now, might result in an outcome less favorable to NICON CONSULTING & CONSTURCTION, INC., NICON CONSULTING & CONSTURCTION, INC. are satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate and that this Agreement is in NICON CONSULTING & CONSTURCTION, INC.'s best interest.

**NOW, THEREFORE**, in consideration for the sums as outlined below, PLAINTIFF and DEFENDANTS have reached a full and final compromise and settlement of any and all matters in controversy, and hereby agree as follows:

1. **No Admission of Liability:** The Parties agree that DEFENDANTS do not admit, and expressly deny, any violation of law or any liability related to PLAINTIFF or to anyone else as a result of, or arising out of or related to, the matters set forth in the Civil Action, or which could have been raised in the Civil Action, or which otherwise involve PLAINTIFF's employment relationship with DEFENDANTS and the termination of PLAINTIFF's employment relationship with Defendants.

2. **Release:** In consideration of the promises and actions of DEFENDANTs set out in this Agreement, including, without limitation, the payment called for herein, PLAINTIFF does hereby completely, irrevocably, and unconditionally release, holds harmless and does forever

2

discharge DEFENDANTS and their representatives, affiliates, officers,

agents, directors, attorneys, employees and each and every one of them and their heirs,

executors, administrators, successors and assigns, (all of which are hereinafter referred to

collectively as the "DEFENDANTS or Releasees") both individually and in their official

capacities of and from any and all claims and causes of action alleged in the Civil Action,

including, all claims alleged therein for any damages, salaries, wages, compensation, spread-of-

hours pay, liquidated, statutory and other damages, statutory penalties, interest, attorneys' fees,

and costs for the claims brought under federal, state and/or local law, including but not limited

to, claims under the Fair Labor Standards Act, any and all State Law Claims, the New York

Labor Laws, the New York Wage Theft Prevention Act, the New York Building Service Wage

Order, and the New York Miscellaneous Industries Wage Order, each as amended.

3.   **Dismissal Of Action:** PLAINTIFF further understands and agrees that this Agreement

is made conditional upon receipt by DEFENDANTS of a fully executed original of this

Agreement by PLAINTIFF, a fully executed Stipulation of Discontinuance with Prejudice as

against DEFENDANTS in the form attached hereto as **Exhibit** A, and approval of this

Settlement Agreement and dismissal of the Civil Action by the Court. The Parties will submit

this Settlement Agreement to the Court for approval along with a joint motion for its approval if

necessary. If the Court fails to approve the Settlement Agreement and/or fails to dismiss the Civil

Action with prejudice as contemplated by this Agreement, this Agreement shall be null and void

*ab initio*. In such case, the parties shall be returned to their respective statuses as of the date

immediately prior to the execution date of this Settlement Agreement, and the parties shall

proceed in all respects as if the Agreement had not been executed. Notwithstanding the

foregoing, if the Court requests additional documentation prior to approval and dismissal of the

action or the re-submission or re-filing of this Settlement Agreement and/or resubmission or re-

filing of the motion for Court approval, the terms of this Agreement shall stay in effect unless or

until the Court makes a final determination that the parties cannot receive Court approval of the

Agreement and that the action cannot be dismissed with prejudice. If the Federal Court

determines that some aspect of this agreement requires modification, the parties shall undertake their best efforts to satisfy the Court. The parties agree that the Court shall retain jurisdiction over the Civil Action until Defendants have fully paid the Settlement Payment set forth in Section 4.

4. **Payment:** In consideration for PLAINTIFF's dismissal of the Civil Action; Plaintiff's release contained in Paragraph 2; the mutual promises and agreements set forth in this Agreement, DEFENDANTS agree to pay PLAINTIFF, as full and complete settlement and final satisfaction of any and all of PLAINTIFF's claims as set forth in this Settlement Agreement, the sum of $23,000.00 (the "Settlement Sum") PLAINTIFF agrees that PLAINTIFF's counsel having incurred expenses of $183.00 and attorney's fees of $6,701.35, shall be entitled to $6,884.35 of the Settlement Sum and the remainder $16,115.65 shall be paid to PLAINTIFF. The total payment of Settlement Sum is due within ten (10) days after the Court's approval of this Settlement Agreement.

   a) Settlement Payments shall be made in two (2) separate checks; one (1) check made out to PLAINTIFF in the sum of $16,115.65 and one check made out to Law Offices of James F. Sullivan, P.C. in the sum of $6,884.35.

   b) The Settlement Payments are conditioned on execution of this Agreement by all the parties; the Court's approval of the Agreement; and, PLAINTIFF's counsel delivering a completed, fully-executed IRS Form W-9 for PLAINTIFF and PLAINTIFF's counsel's office to DEFENDANTS' Counsels via email.

   c) The Settlement Sum shall be delivered to Lawrence Spasojevich, Law Offices of James F. Sullivan, P.C., 52 Duane Street, 7th Floor, New York, New York 10007. Any delay in delivery of the Settlement Payment that is caused by or may be attributed in whole or in part to any act or omission of the United States Postal Service shall toll the schedule for delivery of the Settlement Payment contemplated by Paragraph 4 and shall not be considered a breach of this agreement on behalf of DEFENDANTS in any way.

4

d) Following confirmation of the receipt of the Settlement Payment by delivery to PLAINTIFF'S counsel, with the delivery to be made by means requiring a signature to confirm delivery, DEFENDANTS shall file the Stipulation of Discontinuance with Prejudice attached here as Exhibit "A."

5. **No Other Payments or Other Benefits Due and Owing:** PLAINTIFF hereby acknowledges and agrees that no other payments or benefits of any kind are due and owing to him from the DEFENDANTS and Releasees other than what is set forth in Paragraph 4 of this Agreement.

6. **Income Taxation:** DEFENDANTS make no representations or warranties regarding any tax issues relating to the payment provided for in Paragraph 4 above, and PLAINTIFF acknowledges that he has not relied upon any advice from DEFENDANTS or DEFENDANTS' agents, employees, attorneys or representatives, concerning the taxability of the amounts to be paid under this Agreement or otherwise. If taxes are assessed against PLAINTIFF as a result of the payment made hereunder, PLAINTIFF shall be solely responsible for the payment of such taxes, interest and/or penalties as may be assessed against him for federal, state and local income taxes and unemployment taxes, and Plaintiff shall indemnify and hold DEFENDANTS and Releasees harmless for any such liability, interest or penalties related thereto.

7. **Governing Law.** The rights and obligations of the Parties hereunder shall be construed and enforced in accordance with, and shall be governed by, the laws of the State of New York, without regard to principles of conflict of laws. The Parties agree that this Court shall retain continuing jurisdiction over this Action for purposes of any dispute that may arise out of this Agreement. If any provision is determined by a court of competent jurisdiction to be invalid or unenforceable (other than Paragraph 2of this Settlement Agreement, as to which all monies paid hereunder must be returned to DEFENDANTS if found to be invalid or unenforceable), the remaining provisions shall continue in full force and effect notwithstanding. PLAINTIFF acknowledges and agrees that he has not previously transferred, assigned or conveyed any right or claim released in this Agreement. In the event DEFENDANTS breach this agreement,

5

Plaintiff shall be entitled to seek an award of reasonable attorneys' fees and costs incurred in seeking enforcement of the terms of this Agreement.

**8. No Representations:** The Parties acknowledge that, in making this Agreement, they relied entirely upon their own judgment, belief and interests and the advice of their counsel. The Parties acknowledge that, except as expressly set forth herein, no representations of any kind or character have been made by any other Party or Parties, agents, representatives or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the Parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the Parties hereto concerning the subject matter hereof, except the terms and conditions set forth in this Agreement.

**9. Binding Nature of Agreement.** This Agreement is binding upon and shall inure to the benefit of the Parties and their respective heirs, executors, administrators, executors, successors, assigns and legal representatives. It is expressly recognized that each of the DEFENDANTS-Releasees are beneficiaries of this Agreement.

**10. No Construction against Drafter.** This Agreement is the product of negotiation between PLAINTIFF and DEFENDANTS and shall be deemed as having been prepared jointly by PLAINTIFF and DEFENDANTS. In interpreting the text of this Agreement, no presumption against the drafter of any provision shall be made.

**11. Multiple Counterparts:** PLAINTIFF and DEFENDANTS agree that this Agreement can be signed in counterparts that, together, shall constitute an original. PLAINTIFF and DEFENDANTS further agree that copies of the executed Agreement shall be deemed as effective as an original.

**12. Headings.** The headings or titles of the paragraphs contained herein are for guidance purposes only and have no force or effect, nor do they in any way alter the terms or meaning of this Agreement.

**13. Entire Agreement:** This Agreement sets forth the entire Agreement between PLAINTIFF and DEFENDANTS and supersedes, cancels and replaces any and all prior

6

contemporaneous negotiations and all agreement, arrangements, representations or understandings proposed or otherwise, written or oral, between the parties hereto pertaining to the subject matter hereof.

**14. Attorneys' Fees and Costs.** It is further agreed that each party shall bear its own costs and attorneys' fees incurred in negotiating and preparing this Agreement and in connection with the Pending Civil Action, except as otherwise specifically stated in this Agreement.

**15. Voluntary Settlement.** Plaintiff hereby represents and warrants that he has entered into this Agreement of his own free will and accord.

**16. No Modification except In Writing.** This Agreement cannot be modified or changed except by writing, signed by the parties, with specific reference to this Agreement and so ordered by the Court.

**17. Confidentiality.** PLAINTIFF, DEFENDANTS and their respective attorneys agree not to disclose the terms of this Agreement, the existence of this Agreement, or the circumstances or allegations giving rise to the Civil Action to any person(s), entities or parties, including any other former or current employees of DEFENDANTS; provided, however such information may be provided to the respective parties' legal counsel, accountants, spouses, and financial advisors provided each such person or entity receiving the confidential information first agrees to maintain the confidentiality of this Agreement. In the event that PLAINTIFF breaches or causes a breach of this confidentiality provision, PLAINTIFF shall forfeit his portion of the Settlement Payment.

**IN WITNESS WHEREOF,** the Parties hereto have executed, or caused their duly authorized officer to execute, this Agreement as of the day and year first written below.

_____
NORMAN GOMEZ

Dated: 4 - 22 - 2019

STATE OF NEW YORK      )
                       )      ss.:
COUNTY OF NEW YORK  )

On __April__  __22__ ,2019, before me came **NORMAN GOMEZ,** to me known, who executed the foregoing Agreement, and duly acknowledged to me that he executed same as his act for the purposes expressed herein.

Joshua Andreas Eidsvaag
Notary Public, State of New York
No. 02EI6349957
Qualified in New York County
Commission Expires 10/31/20 20

_____
Notary Public

**[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]**

8

IN WITNESS WHEREOF, the Parties hereto have executed, or caused their duly authorized officer to execute, this Agreement as of the day and year first written below.

NICON BUILD, LLC

By: _Evan Frost_

Title: _President_

Date: _4/22/2019_

STATE OF NEW YORK ) 
) ss.:
COUNTY OF NEW YORK )

On _22nd of April_, 2019 before me came _Evan Frost_, to me known, who executed the foregoing Agreement, and duly acknowledged to me that he executed same as his act for the purposes expressed herein.

Notary Public

CHUNLAAM TAM
Notary Public, State of New York
No. 01TA6324735
Qualified in Queens County
Commission Expires May 11, 2019

_04/22/2019_

9

IN WITNESS WHEREOF, the Parties hereto have executed, or caused their duly authorized officer to execute, this Agreement as of the day and year first written below.

NICON CONSULTING AND CONSTRUCTION, INC.

By: _____

Title: _____PRESIDENT_____

Date: _____4/20/19_____

STATE OF NEW YORK       )
                                               ) ss.:
COUNTY OF ~~NEW YORK~~ RICHMOND  )

On _APRIL 20_, 20_19_ before me came _ANGELO NICASTRO_ to me known, who executed the foregoing Agreement, and duly acknowledged to me that he executed same as his act for the purposes expressed herein.

_____
Notary Public

PATRICIA CORR
NOTARY PUBLIC-STATE OF NEW YORK
No. 01CO6316591
Qualified in Richmond County
My Commission Expires 12/15/2022

10

**IN WITNESS WHEREOF,** the Parties hereto have executed, or caused their duly authorized officer to execute, this Agreement as of the day and year first written below.

EVAN FROST

By: _____

Date: 4/22/2019

STATE OF NEW YORK )
                           ) ss.:
COUNTY OF NEW YORK )

On 22nd of April, 2019, before me came Evan Frost of NixonBall, LLC, to me known, who executed the foregoing Agreement, and duly acknowledged to me that he executed same as his act for the purposes expressed herein.

_____
Notary Public

CHUNLAAM TAM
Notary Public, State of New York
No. 01TA6324735
Qualified in Queens County
Commission Expires May 11, 2019

04/22/2019

11

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSE LUIS GROS REICO,
MILTON MARTIN VARELA DURAN, and
NORMAN GOMEZ, *on behalf of themselves
and similarly situated individuals,*

                                   Plaintiff,

-against-

NICON BUILD LLC,
NICON CONSULTING & CONSTRUCTION, INC.,
and EVAN FROST,

                                   Defendants.

CASE NO. 1:18-cv-08781
**STIPULATION OF
DISCONTINUANCE**

ECF Case,

---

      **IT IS HEREBY STIPULATED AND AGREED,** by and between the parties, MILTON NORMAN GOMEZ and NICON BUILD LLC, NICON CONSULTING & CONSTRUCTION, INC., and EVAN FROST, through the undersigned counsel, that, in accordance with Rule 41 of the Federal Rules of Civil Procedure, the action be dismissed with prejudice and without costs or attorneys' fees to any party (other than those specified in the Settlement Agreement), as to Plaintiff, NORMAN GOMEZ.

The Court retains jurisdiction over the Settlement Agreement resolving this action.

BY:

---

Lawrence Spasojevich, Esq.
Law Offices of James F. Sullivan, P.C.
52 Duane Street, 7th Floor
New York, New York 10007
*Attorneys for Plaintiff*

---

Gregory Frost, Esq.
Frost & Miller, LLP
260 Madison Avenue, 17th Floor
New York, New York 10016
*Attorney for Defendants Nicon Build
LLC and Evan Frost*

---

Jonathan Tribiano, Esq.
Jonathan Tribiano, PLLC
404 Manor Road
Staten Island, New York 10314
*Attorney for Defendant Nicon
Consulting & Construction, Inc.*

# SETTLEMENT AGREEMENT

This agreement ("Agreement") is by and between JOSE LUIS GROS REICO ("PLAINTIFF"), and NICON BUILD, LLC, NICON CONSULTING & CONSTRUCTION, INC., and EVAN FROST. (hereinafter together as "DEFENDANTS").

WHEREAS, PLAINTIFF, having filed a lawsuit in the United States District Court, Southern District of New York, against DEFENDANTS bearing Civil Action Number 1:18-cv-08781("Civil Action"); and

WHEREAS, PLAINTIFF and DEFENDANTS seek to amicably resolve any and all matters in controversy, disputes, causes of action, claims, contentions, and differences between them related to the Civil Action without any admission of liability by any party; and

WHEREAS, PLAINTIFF, in consultation with his attorney, James F. Sullivan, Law Offices of James F. Sullivan, P.C., 52 Duane Street, 7th Floor, New York, NY 10007, has analyzed and evaluated the merits of the claims made against the Defendants in the Civil Action and the impact of this Agreement on PLAINTIFF, and based upon such analysis and the evaluation of a number of factors, recognizing the substantial risks of continued litigation, including the possibility that the Civil Action, if not settled now, might not result in any recovery whatsoever, or might result in a recovery that is less favorable and that would not occur for several years, PLAINTIFF is satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate and that this Agreement is in the best interest of PLAINTIFF.

WHEREAS, DEFENDANTS, NICON BUILD, LLC and EVAN FROST, in consultation with their attorney, Gregory Frost, Frost and Miller LLP., 260 Madison Avenue, 17th Floor New York, New York 10016, analyzed and evaluated the merits of the claims made against NICON BUILD, LLC and EVAN FROST in the Civil Action and its defenses, and the impact of this Agreement on NICON BUILD, LLC and EVAN FROST, and based upon such analysis and the evaluation of a number of factors, and recognizing the substantial risks of continued litigation,

1

including the possibility that the Civil Action, if not settled now, might result in an outcome less favorable to NICON BUILD, LLC and EVAN FROST, NICON BUILD, LLC and EVAN FROST are satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate and that this Agreement is in NICON BUILD, LLC's and EVAN FROST's best interest.

**WHEREAS**, NICON CONSULTING & CONSTURCTION, INC. in consultation with their attorney, Jonathan W. Tribiano, Esq., Jonathan W. Tribiano, PLLC,404 Manor Road, Staten Island, New York 10314 analyzed and evaluated the merits of the claims made against NICON CONSULTING & CONSTURCTION, INC. in the Civil Action and its defenses, and the impact of this Agreement on NICON CONSULTING & CONSTURCTION, INC., and based upon such analysis and the evaluation of a number of factors, and recognizing the substantial risks of continued litigation, including the possibility that the Civil Action, if not settled now, might result in an outcome less favorable to NICON CONSULTING & CONSTURCTION, INC., NICON CONSULTING & CONSTURCTION, INC. are satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate and that this Agreement is in NICON CONSULTING & CONSTURCTION, INC.'s best interest.

**NOW, THEREFORE**, in consideration for the sums as outlined below, PLAINTIFF and DEFENDANTS have reached a full and final compromise and settlement of any and all matters in controversy, and hereby agree as follows:

1. **No Admission of Liability:** The Parties agree that DEFENDANTS do not admit, and expressly deny, any violation of law or any liability related to PLAINTIFF or to anyone else as a result of, or arising out of or related to, the matters set forth in the Civil Action, or which could have been raised in the Civil Action, or which otherwise involve PLAINTIFF's employment relationship with DEFENDANTS and the termination of PLAINTIFF's employment relationship with Defendants.

2. **Release:** In consideration of the promises and actions of DEFENDANTs set out in this Agreement, including, without limitation, the payment called for herein, PLAINTIFF does hereby completely, irrevocably, and unconditionally release, holds harmless and does forever

2

discharge DEFENDANTS and their representatives, affiliates, officers,

agents, directors, attorneys, employees and each and every one of them and their heirs,

executors, administrators, successors and assigns, (all of which are hereinafter referred to

collectively as the "DEFENDANTS or Releasees") both individually and in their official

capacities of and from any and all claims and causes of action alleged in the Civil Action,

including, all claims alleged therein for any damages, salaries, wages, compensation, spread-of-

hours pay, liquidated, statutory and other damages, statutory penalties, interest, attorneys' fees,

and costs for the claims brought under federal, state and/or local law, including but not limited

to, claims under the Fair Labor Standards Act, any and all State Law Claims, the New York

Labor Laws, the New York Wage Theft Prevention Act, the New York Building Service Wage

Order, and the New York Miscellaneous Industries Wage Order, each as amended.

3. **Dismissal Of Action:** PLAINTIFF further understands and agrees that this Agreement

is made conditional upon receipt by DEFENDANTS of a fully executed original of this

Agreement by PLAINTIFF, a fully executed Stipulation of Discontinuance with Prejudice as

against DEFENDANTS in the form attached hereto as **Exhibit A**, and approval of this

Settlement Agreement and dismissal of the Civil Action by the Court. The Parties will submit

this Settlement Agreement to the Court for approval along with a joint motion for its approval if

necessary. If the Court fails to approve the Settlement Agreement and/or fails to dismiss the Civil

Action with prejudice as contemplated by this Agreement, this Agreement shall be null and void

*ab initio*. In such case, the parties shall be returned to their respective statuses as of the date

immediately prior to the execution date of this Settlement Agreement, and the parties shall

proceed in all respects as if the Agreement had not been executed. Notwithstanding the

foregoing, if the Court requests additional documentation prior to approval and dismissal of the

action or the re-submission or re-filing of this Settlement Agreement and/or resubmission or re-

filing of the motion for Court approval, the terms of this Agreement shall stay in effect unless or

until the Court makes a final determination that the parties cannot receive Court approval of the

Agreement and that the action cannot be dismissed with prejudice. If the Federal Court

3

determines that some aspect of this agreement requires modification, the parties shall undertake their best efforts to satisfy the Court. The parties agree that the Court shall retain jurisdiction over the Civil Action until Defendants have fully paid the Settlement Payment set forth in Section 4.

4. **Payment:** In consideration for PLAINTIFF's dismissal of the Civil Action; Plaintiff's release contained in Paragraph 2; the mutual promises and agreements set forth in this Agreement, DEFENDANTS agree to pay PLAINTIFF, as full and complete settlement and final satisfaction of any and all of PLAINTIFF's claims as set forth in this Settlement Agreement, the sum of $27,000.00 (the "Settlement Sum") PLAINTIFF agrees that PLAINTIFF's counsel having incurred expenses of $183.00 and attorney's fees of $7,876.15, shall be entitled to $8,059.15 of the Settlement Sum and the remainder $18,940.85 shall be paid to PLAINTIFF. The total payment of Settlement Sum is due within ten (10) days after the Court's approval of this Settlement Agreement.

  a) Settlement Payments shall be made in two (2) separate checks; one (1) check made out to PLAINTIFF in the sum of $18,940.85 and one check made out to Law Offices of James F. Sullivan, P.C. in the sum of $8,059.15.

  b) The Settlement Payments are conditioned on execution of this Agreement by all the parties; the Court's approval of the Agreement; and, PLAINTIFF's counsel delivering a completed, fully-executed IRS Form W-9 for PLAINTIFF and PLAINTIFF's counsel's office to DEFENDANTS' Counsels via email.

  c) The Settlement Sum shall be delivered to Lawrence Spasojevich, Law Offices of James F. Sullivan, P.C., 52 Duane Street, 7th Floor, New York, New York 10007. Any delay in delivery of the Settlement Payment that is caused by or may be attributed in whole or in part to any act or omission of the United States Postal Service shall toll the schedule for delivery of the Settlement Payment contemplated by Paragraph 4 and shall not be considered a breach of this agreement on behalf of DEFENDANTS in any way.

4

    d)   Following confirmation of the receipt of the Settlement Payment by delivery to PLAINTIFF'S counsel, with the delivery to be made by means requiring a signature to confirm delivery, DEFENDANTS shall file the Stipulation of Discontinuance with Prejudice attached here as Exhibit "A."

**5.   No Other Payments or Other Benefits Due and Owing:** PLAINTIFF hereby acknowledges and agrees that no other payments or benefits of any kind are due and owing to him from the DEFENDANTS and Releasees other than what is set forth in Paragraph 4 of this Agreement.

**6.   Income Taxation:** DEFENDANTS make no representations or warranties regarding any tax issues relating to the payment provided for in Paragraph 4 above, and PLAINTIFF acknowledges that he has not relied upon any advice from DEFENDANTS or DEFENDANTS' agents, employees, attorneys or representatives, concerning the taxability of the amounts to be paid under this Agreement or otherwise. If taxes are assessed against PLAINTIFF as a result of the payment made hereunder, PLAINTIFF shall be solely responsible for the payment of such taxes, interest and/or penalties as may be assessed against him for federal, state and local income taxes and unemployment taxes, and Plaintiff shall indemnify and hold DEFENDANTS and Releasees harmless for any such liability, interest or penalties related thereto.

**7.   Governing Law.** The rights and obligations of the Parties hereunder shall be construed and enforced in accordance with, and shall be governed by, the laws of the State of New York, without regard to principles of conflict of laws. The Parties agree that this Court shall retain continuing jurisdiction over this Action for purposes of any dispute that may arise out of this Agreement. If any provision is determined by a court of competent jurisdiction to be invalid or unenforceable (other than Paragraph 2of this Settlement Agreement, as to which all monies paid hereunder must be returned to DEFENDANTS if found to be invalid or unenforceable), the remaining provisions shall continue in full force and effect notwithstanding. PLAINTIFF acknowledges and agrees that he has not previously transferred, assigned or conveyed any right or claim released in this Agreement. In the event DEFENDANTS breach this agreement,

Plaintiff shall be entitled to seek an award of reasonable attorneys' fees and costs incurred in seeking enforcement of the terms of this Agreement.

8. **No Representations:** The Parties acknowledge that, in making this Agreement, they relied entirely upon their own judgment, belief and interests and the advice of their counsel. The Parties acknowledge that, except as expressly set forth herein, no representations of any kind or character have been made by any other Party or Parties, agents, representatives or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the Parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the Parties hereto concerning the subject matter hereof, except the terms and conditions set forth in this Agreement.

9. **Binding Nature of Agreement.** This Agreement is binding upon and shall inure to the benefit of the Parties and their respective heirs, executors, administrators, executors, successors, assigns and legal representatives. It is expressly recognized that each of the DEFENDANTS-Releasees are beneficiaries of this Agreement.

10. **No Construction against Drafter.** This Agreement is the product of negotiation between PLAINTIFF and DEFENDANTS and shall be deemed as having been prepared jointly by PLAINTIFF and DEFENDANTS. In interpreting the text of this Agreement, no presumption against the drafter of any provision shall be made.

11. **Multiple Counterparts:** PLAINTIFF and DEFENDANTS agree that this Agreement can be signed in counterparts that, together, shall constitute an original. PLAINTIFF and DEFENDANTS further agree that copies of the executed Agreement shall be deemed as effective as an original.

12. **Headings.** The headings or titles of the paragraphs contained herein are for guidance purposes only and have no force or effect, nor do they in any way alter the terms or meaning of this Agreement.

13. **Entire Agreement:** This Agreement sets forth the entire Agreement between PLAINTIFF and DEFENDANTS and supersedes, cancels and replaces any and all prior

6

contemporaneous negotiations and all agreement, arrangements, representations or understandings proposed or otherwise, written or oral, between the parties hereto pertaining to the subject matter hereof.

**14. Attorneys' Fees and Costs.** It is further agreed that each party shall bear its own costs and attorneys' fees incurred in negotiating and preparing this Agreement and in connection with the Pending Civil Action, except as otherwise specifically stated in this Agreement.

**15. Voluntary Settlement.** Plaintiff hereby represents and warrants that he has entered into this Agreement of his own free will and accord.

**16. No Modification except In Writing.** This Agreement cannot be modified or changed except by writing, signed by the parties, with specific reference to this Agreement and so ordered by the Court.

**17. Confidentiality.** PLAINTIFF, DEFENDANTS and their respective attorneys agree not to disclose the terms of this Agreement, the existence of this Agreement, or the circumstances or allegations giving rise to the Civil Action to any person(s), entities or parties, including any other former or current employees of DEFENDANTS; provided, however such information may be provided to the respective parties' legal counsel, accountants, spouses, and financial advisors provided each such person or entity receiving the confidential information first agrees to maintain the confidentiality of this Agreement. In the event that PLAINTIFF breaches or causes a breach of this confidentiality provision, PLAINTIFF shall forfeit his portion of the Settlement Payment.

**IN WITNESS WHEREOF**, the Parties hereto have executed, or caused their duly authorized officer to execute, this Agreement as of the day and year first written below.

Jose Luis
**JOSE LUIS GROS REICO**

Dated: 18/04/19

STATE OF NEW YORK )
                       ) ss.:
COUNTY OF NEW YORK )

On April 18, 2019, before me came **JOSE LUIS GROS REICO**, to me known, who executed the foregoing Agreement, and duly acknowledged to me that he executed same as his act for the purposes expressed herein.

Joshua Andreas Eidsvaag
Notary Public, State of New York
No. 02EI6349957
Qualified in New York County
Commission Expires 10/31/20 20

Notary Public

**[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]**

IN WITNESS WHEREOF, the Parties hereto have executed, or caused their duly authorized officer to execute, this Agreement as of the day and year first written below.

NICON BUILD, LLC

By: _____

Title: _Presiden̄t_____

Date: _4/22/2019_____

STATE OF NEW YORK    )
                     )    ss.:
COUNTY OF NEW YORK   )

On _22nd of April_, 2019 before me came _Evan Frost_, to me known, who executed the foregoing Agreement, and duly acknowledged to me that he executed same as his act for the purposes expressed herein.

_____
Notary Public

CHUNLAAM TAM
Notary Public, State of New York
No. 01TA6324735
Qualified in Queens County
Commission Expires May 11, 2019

04/22/2019

9

IN WITNESS WHEREOF, the Parties hereto have executed, or caused their duly authorized officer to execute, this Agreement as of the day and year first written below.

NICON CONSULTING AND CONSTRUCTION, INC.

By: _____

Title: __PRESIDENT__

Date: __4/20/19__

STATE OF NEW YORK    )
                                          ss.:
COUNTY OF ~~NEW YORK~~ RICHMOND )

On __APRIL 20__, 20__19__ before me came __ANGELO NICASTRO__ to me known, who executed the foregoing Agreement, and duly acknowledged to me that he executed same as his act for the purposes expressed herein.

_____
Notary Public

PATRICIA CORR
NOTARY PUBLIC-STATE OF NEW YORK
No. 01CO6316591
Qualified in Richmond County
My Commission Expires __12/15/2022__

10

**IN WITNESS WHEREOF**, the Parties hereto have executed, or caused their duly authorized officer to execute, this Agreement as of the day and year first written below.

EVAN FROST

By: _____

Date: _4_/_22_/_2019_

STATE OF NEW YORK )
                              )    ss.:
COUNTY OF NEW YORK )

On _22nd_ of _April_, 20_19_, before me came _Evan Frost of Nixon Build, LLC_, to me known, who executed the foregoing Agreement, and duly acknowledged to me that he executed same as his act for the purposes expressed herein.

_____
Notary Public

CHUNLAAM TAM
Notary Public, State of New York
No. 01TA6324735
Qualified in Queens County
Commission Expires May 11, 2019

_04/22/2019_

11

Case 1:18-cv-08781-VEC   Document 30   Filed 04/29/19   Page 27 of 41

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSE LUIS GROS REICO,
MILTON MARTIN VARELA DURAN, and
NORMAN GOMEZ, *on behalf of themselves
and similarly situated individuals,*

                           Plaintiff,

-against-

NICON BUILD LLC,
NICON CONSULTING & CONSTRUCTION, INC.,
and EVAN FROST,

                           Defendants.

CASE NO. 1:18-cv-08781
**STIPULATION OF
DISCONTINUANCE**

ECF Case,

---

    **IT IS HEREBY STIPULATED AND AGREED**, by and between the parties, MILTON JOSE LUIS GROS REICO and NICON BUILD LLC, NICON CONSULTING & CONSTRUCTION, INC., and EVAN FROST, through the undersigned counsel, that, in accordance with Rule 41 of the Federal Rules of Civil Procedure, the action be dismissed with prejudice and without costs or attorneys' fees to any party (other than those specified in the Settlement Agreement), as to Plaintiff, JOSE LUIS GROS REICO.

The Court retains jurisdiction over the Settlement Agreement resolving this action.

BY:

---
Lawrence Spasojevich, Esq.
Law Offices of James F. Sullivan, P.C.
52 Duane Street, 7th Floor
New York, New York 10007
*Attorneys for Plaintiff*

---
Gregory Frost, Esq.
Frost & Miller, LLP
260 Madison Avenue, 17th Floor
New York, New York 10016
*Attorney for Defendants Nicon Build
LLC and Evan Frost*

---
Jonathan Tribiano, Esq.
Jonathan Tribiano, PLLC
404 Manor Road
Staten Island, New York 10314
*Attorney for Defendant Nicon
Consulting & Construction, Inc.*

# SETTLEMENT AGREEMENT

This agreement ("Agreement") is by and between MILTON MARTIN VARELA DURAN ("PLAINTIFF"), and NICON BUILD, LLC, NICON CONSULTING & CONSTRUCTION, INC., and EVAN FROST. (hereinafter together as "DEFENDANTS").

WHEREAS, PLAINTIFF, having filed a lawsuit in the United States District Court, Southern District of New York, against DEFENDANTS bearing Civil Action Number 1:18-cv-08781("Civil Action"); and

WHEREAS, PLAINTIFF and DEFENDANTS seek to amicably resolve any and all matters in controversy, disputes, causes of action, claims, contentions, and differences between them related to the Civil Action without any admission of liability by any party; and

WHEREAS, PLAINTIFF, in consultation with his attorney, James F. Sullivan, Law Offices of James F. Sullivan, P.C., 52 Duane Street, 7th Floor, New York, NY 10007, has analyzed and evaluated the merits of the claims made against the Defendants in the Civil Action and the impact of this Agreement on PLAINTIFF, and based upon such analysis and the evaluation of a number of factors, recognizing the substantial risks of continued litigation, including the possibility that the Civil Action, if not settled now, might not result in any recovery whatsoever, or might result in a recovery that is less favorable and that would not occur for several years, PLAINTIFF is satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate and that this Agreement is in the best interest of PLAINTIFF.

WHEREAS, DEFENDANTS, NICON BUILD, LLC and EVAN FROST, in consultation with their attorney, Gregory Frost, Frost and Miller LLP., 260 Madison Avenue, 17th Floor New York, New York 10016, analyzed and evaluated the merits of the claims made against NICON BUILD, LLC and EVAN FROST in the Civil Action and its defenses, and the impact of this Agreement on NICON BUILD, LLC and EVAN FROST, and based upon such analysis and the evaluation of a number of factors, and recognizing the substantial risks of continued litigation,

1

including the possibility that the Civil Action, if not settled now, might result in an outcome less favorable to NICON BUILD, LLC and EVAN FROST, NICON BUILD, LLC and EVAN FROST are satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate and that this Agreement is in NICON BUILD, LLC's and EVAN FROST's best interest.

**WHEREAS**, NICON CONSULTING & CONSTURCTION, INC. in consultation with their attorney, Jonathan W. Tribiano, Esq., Jonathan W. Tribiano, PLLC, 404 Manor Road, Staten Island, New York 10314 analyzed and evaluated the merits of the claims made against NICON CONSULTING & CONSTURCTION, INC. in the Civil Action and its defenses, and the impact of this Agreement on NICON CONSULTING & CONSTURCTION, INC., and based upon such analysis and the evaluation of a number of factors, and recognizing the substantial risks of continued litigation, including the possibility that the Civil Action, if not settled now, might result in an outcome less favorable to NICON CONSULTING & CONSTURCTION, INC., NICON CONSULTING & CONSTURCTION, INC. are satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate and that this Agreement is in NICON CONSULTING & CONSTURCTION, INC.'s best interest.

**NOW, THEREFORE**, in consideration for the sums as outlined below, PLAINTIFF and DEFENDANTS have reached a full and final compromise and settlement of any and all matters in controversy, and hereby agree as follows:

1. **No Admission of Liability:** The Parties agree that DEFENDANTS do not admit, and expressly deny, any violation of law or any liability related to PLAINTIFF or to anyone else as a result of, or arising out of or related to, the matters set forth in the Civil Action, or which could have been raised in the Civil Action, or which otherwise involve PLAINTIFF's employment relationship with DEFENDANTS and the termination of PLAINTIFF's employment relationship with Defendants.

2. **Release:** In consideration of the promises and actions of DEFENDANTs set out in this Agreement, including, without limitation, the payment called for herein, PLAINTIFF does hereby completely, irrevocably, and unconditionally release, holds harmless and does forever

2

discharge DEFENDANTS and their representatives, affiliates, officers,
agents, directors, attorneys, employees and each and every one of them and their heirs,
executors, administrators, successors and assigns, (all of which are hereinafter referred to
collectively as the "DEFENDANTS or Releasees") both individually and in their official
capacities, of and from any and all claims and causes of action alleged in the Civil Action,
including, all claims alleged therein for any damages, salaries, wages, compensation, spread-of-
hours pay, liquidated, statutory and other damages, statutory penalties, interest, attorneys' fees,
and costs for the claims brought under the Fair Labor Standards Act, the New York Labor Laws,
and the New York Wage Theft Prevention Act, each as amended.

3. **Dismissal Of Action:** PLAINTIFF further understands and agrees that this Agreement
is made conditional upon receipt by DEFENDANTS of a fully executed original of this
Agreement by PLAINTIFF, a fully executed Stipulation of Discontinuance with Prejudice as
against DEFENDANTS in the form attached hereto as Exhibit A, and approval of this
Settlement Agreement and dismissal of the Civil Action by the Court. The Parties will submit
this Settlement Agreement to the Court for approval along with a joint motion for its approval if
necessary. If the Court fails to approve the Settlement Agreement and/or fails to dismiss the Civil
Action with prejudice as contemplated by this Agreement, this Agreement shall be null and void
*ab initio*. In such case, the parties shall be returned to their respective statuses as of the date
immediately prior to the execution date of this Settlement Agreement, and the parties shall
proceed in all respects as if the Agreement had not been executed. Notwithstanding the
foregoing, if the Court requests additional documentation prior to approval and dismissal of the
action or the re-submission or re-filing of this Settlement Agreement and/or resubmission or re-
filing of the motion for Court approval, the terms of this Agreement shall stay in effect unless or
until the Court makes a final determination that the parties cannot receive Court approval of the
Agreement and that the action cannot be dismissed with prejudice. If the Federal Court
determines that some aspect of this agreement requires modification, the parties shall undertake
their best efforts to satisfy the Court. The parties agree that the Court shall retain jurisdiction

3

over the Civil Action until Defendants have fully paid the Settlement Payment set forth in Section 4.

4.  **Payment:** In consideration for PLAINTIFF's dismissal of the Civil Action; Plaintiff's release contained in Paragraph 2; the mutual promises and agreements set forth in this Agreement, DEFENDANTS agree to pay PLAINTIFF, as full and complete settlement and final satisfaction of any and all of PLAINTIFF's claims as set forth in this Settlement Agreement, the sum of $20,000.00 (the "Settlement Sum") PLAINTIFF agrees that PLAINTIFF's counsel having incurred expenses of $183.00 and attorney's fees of $5,820.25, shall be entitled to $6,003.25 of the Settlement Sum and the remainder $13,996.75 shall be paid to PLAINTIFF. The total payment of Settlement Sum is due within ten (10) days after the Court's approval of this Settlement Agreement.

   a)  Settlement Payments shall be made in two (2) separate checks; one (1) check made out to PLAINTIFF in the sum of $13,996.75 and one check made out to Law Offices of James F. Sullivan, P.C. in the sum of $6,003.25.

   b)  The Settlement Payments are conditioned on execution of this Agreement by all the parties; the Court's approval of the Agreement; and, PLAINTIFF's counsel delivering a completed, fully-executed IRS Form W-9 for PLAINTIFF and PLAINTIFF's counsel's office to DEFENDANTS' Counsels via email.

   c)  The Settlement Sum shall be delivered to Lawrence Spasojevich, Law Offices of James F. Sullivan, P.C., 52 Duane Street, 7th Floor, New York, New York 10007. Any delay in delivery of the Settlement Payment that is caused by or may be attributed in whole or in part to any act or omission of the United States Postal Service shall toll the schedule for delivery of the Settlement Payment contemplated by Paragraph 4 and shall not be considered a breach of this agreement on behalf of DEFENDANTS in any way.

   d)  Following confirmation of the receipt of the Settlement Payment by delivery to PLAINTIFF'S counsel, with the delivery to be made by means requiring a signature

4

to confirm delivery, DEFENDANTS shall file the Stipulation of Discontinuance with Prejudice attached here as Exhibit "A."

5. **No Other Payments or Other Benefits Due and Owing:**  PLAINTIFF hereby acknowledges and agrees that no other payments or benefits of any kind are due and owing to him from the DEFENDANTS and Releasees other than what is set forth in Paragraph 4 of this Agreement.

6. **Income Taxation:** DEFENDANTS make no representations or warranties regarding any tax issues relating to the payment provided for in Paragraph 4 above, and  PLAINTIFF acknowledges that he has not relied upon any advice from DEFENDANTS or DEFENDANTS' agents, employees, attorneys or representatives, concerning the taxability of the amounts to be paid under this Agreement or otherwise. If taxes are assessed against PLAINTIFF as a result of the payment made hereunder, PLAINTIFF shall be solely responsible for the payment of such taxes, interest and/or penalties as may be assessed against him for federal, state and local income taxes and unemployment taxes, and Plaintiff shall indemnify and hold DEFENDANTS and Releasees harmless for any such liability, interest or penalties related thereto.

7. **Governing Law.** The rights and obligations of the Parties hereunder shall be construed and enforced in accordance with, and shall be governed by, the laws of the State of New York, without regard to principles of conflict of laws. The Parties agree that this Court shall retain continuing jurisdiction over this Action for purposes of any dispute that may arise out of this Agreement.  If any provision is determined by a court of competent jurisdiction to be invalid or unenforceable (other than Paragraph 2 of this Settlement Agreement, as to which all monies paid hereunder must be returned to DEFENDANTS if found to be invalid or unenforceable), the remaining provisions shall continue in full force and effect notwithstanding.  PLAINTIFF acknowledges and agrees that he has not previously transferred, assigned or conveyed any right or claim released in this Agreement.  In the event DEFENDANTS breach this agreement, Plaintiff shall be entitled to seek an award of reasonable attorneys' fees and costs incurred in seeking enforcement of the terms of this Agreement.

8. **No Representations:** The Parties acknowledge that, in making this Agreement, they relied entirely upon their own judgment, belief and interests and the advice of their counsel. The Parties acknowledge that, except as expressly set forth herein, no representations of any kind or character have been made by any other Party or Parties, agents, representatives or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the Parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the Parties hereto concerning the subject matter hereof, except the terms and conditions set forth in this Agreement.

9. **Binding Nature of Agreement.** This Agreement is binding upon and shall inure to the benefit of the Parties and their respective heirs, executors, administrators, executors, successors, assigns and legal representatives. It is expressly recognized that each of the DEFENDANTS-Releasees are beneficiaries of this Agreement.

10. **No Construction against Drafter.** This Agreement is the product of negotiation between PLAINTIFF and DEFENDANTS and shall be deemed as having been prepared jointly by PLAINTIFF and DEFENDANTS. In interpreting the text of this Agreement, no presumption against the drafter of any provision shall be made.

11. **Multiple Counterparts:** PLAINTIFF and DEFENDANTS agree that this Agreement can be signed in counterparts that, together, shall constitute an original. PLAINTIFF and DEFENDANTS further agree that copies of the executed Agreement shall be deemed as effective as an original.

12. **Headings.** The headings or titles of the paragraphs contained herein are for guidance purposes only and have no force or effect, nor do they in any way alter the terms or meaning of this Agreement.

13. **Entire Agreement:** This Agreement sets forth the entire Agreement between PLAINTIFF and DEFENDANTS and supersedes, cancels and replaces any and all prior contemporaneous negotiations and all agreement, arrangements, representations or

6

understandings proposed or otherwise, written or oral, between the parties hereto pertaining to the subject matter hereof.

14. **Attorneys' Fees and Costs.** It is further agreed that each party shall bear its own costs and attorneys' fees incurred in negotiating and preparing this Agreement and in connection with the Pending Civil Action, except as otherwise specifically stated in this Agreement.

15. **Voluntary Settlement.** Plaintiff hereby represents and warrants that he has entered into this Agreement of his own free will and accord.

16. **No Modification except In Writing.** This Agreement cannot be modified or changed except by writing, signed by the parties, with specific reference to this Agreement and so ordered by the Court.

17. **Confidentiality.** PLAINTIFF, DEFENDANTS and their respective attorneys agree not to disclose the terms of this Agreement, the existence of this Agreement, or the circumstances or allegations giving rise to the Civil Action to any person(s), entities or parties, including any other former or current employees of DEFENDANTS; provided, however such information may be provided to the respective parties' legal counsel, accountants, spouses, and financial advisors provided each such person or entity receiving the confidential information first agrees to maintain the confidentiality of this Agreement. In the event that PLAINTIFF breaches or causes a breach of this confidentiality provision, PLAINTIFF shall forfeit his portion of the Settlement Payment.


(Signature pages to follow)

IN WITNESS WHEREOF, the Parties hereto have executed, or caused their duly authorized officer to execute, this Agreement as of the day and year first written below.

_Milton Varela_
**MILTON MARTIN VARELA DURAN**

Dated: 04-22-19

STATE OF NEW YORK )
                     ) ss.:
COUNTY OF NEW YORK )

On April 22, 2019, before me came **MILTON MARTIN VARELA DURAN**, to me known, who executed the foregoing Agreement, and duly acknowledged to me that he executed same as his act for the purposes expressed herein.

**ROBERT J. MAHER, ESQ.**
**Notary Public, State of New York**
**No. 02MA6170484**
**Qualified in New York County**
**Commission Expires 08/15/20_19_**

_Notary Public_

**[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]**

IN WITNESS WHEREOF, the Parties hereto have executed, or caused their duly authorized officer to execute, this Agreement as of the day and year first written below.

NICON BUILD, LLC

By: _____

Title: _Preside_t_____

Date: _4/22/2019_____

STATE OF NEW YORK    )
                     )    ss.:
COUNTY OF NEW YORK   )

On _22nd of Apr. 1_, 201_9_, before me came _Evan Frost of Nicon Build LLC_ to me known, who executed the foregoing Agreement, and duly acknowledged to me that he executed same as his act for the purposes expressed herein.

_____
Notary Public

CHUNLAAM TAM
Notary Public, State of New York
No. 01TA6324735
Qualified in Queens County
Commission Expires May 11, 2019
_04/22/2019_

9

IN WITNESS WHEREOF, the Parties hereto have executed, or caused their duly authorized officer to execute, this Agreement as of the day and year first written below.

**NICON CONSULTING AND CONSTRUCTION, INC.**

By: _____

Title: _____PRODUCT._____

Date: _____4/20/19_____

STATE OF NEW YORK )
                                         ) ss.:
COUNTY OF ~~NEW YORK~~ RICHMOND )

On _APRIL    20_, 20_19_, before me came _ANGELO NICASTRO_, to me known, who executed the foregoing Agreement, and duly acknowledged to me that he executed same as his act for the purposes expressed herein.

_____
Notary Public

PATRICIA CORR
NOTARY PUBLIC-STATE OF NEW YORK
No. 61CO6316591
Qualified in Richmond County
My Commission Expires _12/15/2022_

10

IN WITNESS WHEREOF, the Parties hereto have executed, or caused their duly authorized officer to execute, this Agreement as of the day and year first written below.

EVAN FROST

By: _____

Date: _April 22, 2019_

STATE OF NEW YORK    )
                    )   ss.:
COUNTY OF NEW YORK  )

On _22nd of April_, 20_19_ before me came _____Evan Frost_____, to me known, who executed the foregoing Agreement, and duly acknowledged to me that he executed same as his act for the purposes expressed herein.

Notary Public

CHUNLAAM TAM
Notary Public, State of New York
No. 01TA6324735
Qualified in Queens County
Commission Expires May 11, 2019

04/22/2019

11

Case 1:18-cv-08781-VEC   Document 30   Filed 04/22/19   Page 40 of 41

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSE LUIS GROS REICO,
MILTON MARTIN VARELA DURAN, and
NORMAN GOMEZ, *on behalf of themselves*
*and similarly situated individuals*,

                         Plaintiff,

-against-

NICON BUILD LLC,
NICON CONSULTING & CONSTRUCTION, INC.,
and EVAN FROST,

                          Defendants.

CASE NO. 1:18-cv-08781
**STIPULATION OF**
**DISCONTINUANCE**

ECF Case,

---

      **IT IS HEREBY STIPULATED AND AGREED**, by and between the parties, MILTON MILTON MARTIN VARELA DURAN and NICON BUILD LLC, NICON CONSULTING & CONSTRUCTION, INC., and EVAN FROST, through the undersigned counsel, that, in accordance with Rule 41 of the Federal Rules of Civil Procedure, the action be dismissed with prejudice and without costs or attorneys' fees to any party (other than those specified in the Settlement Agreement), as to Plaintiff, MILTON MARTIN VARELA DURAN.

The Court retains jurisdiction over the Settlement Agreement resolving this action.

BY:

---

Lawrence Spasojevich, Esq.
Law Offices of James F. Sullivan, P.C.
52 Duane Street, 7th Floor
New York, New York 10007
*Attorneys for Plaintiff*

---

Gregory Frost, Esq.
Frost & Miller, LLP
260 Madison Avenue, 17th Floor
New York, New York 10016
*Attorney for Defendants Nicon Build*
*LLC and Evan Frost*

---

Jonathan Tribiano, Esq.
Jonathan Tribiano, PLLC
404 Manor Road
Staten Island, New York 10314
*Attorney for Defendant Nicon*
*Consulting & Construction, Inc.*